# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Ekaterina Lukina,

       Petitioner,

v.

Pamela Bondi, et al.,

       Respondents.

No. CV-26-01964-PHX-KML (MTM)

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) challenging her immigration detention. Petitioner is a citizen of Russia who entered the United States in January 2023 and, after a short period of detention, was released into the United States pending her immigration proceedings.  (Doc. 1-1 at 3.)  On April 28, 2025, Petitioner was redetained by Respondents without a pre-deprivation hearing.

The Court ordered Respondents to show cause why the Petition should not be granted and cited a series of cases concluding individuals in Petitioner's circumstances are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process.  (Doc. 5 at 2.)

Respondents responded to the OSC, stating:

> Respondents acknowledge that Petitioner was [not] provided a custody redetermination under 8 U.S.C. § 1226. As such, Respondents do not oppose a Court order requiring a bond hearing within seven (7) days.

(Doc. 6.)  But Respondents failed to respond to the issues raised in the Order to Show Cause or Petitioner's argument that she was entitled to a pre-deprivation hearing before

being redetained following her release. Respondents make no effort to explain the reason for Petitioner's redetention or the process for revoking her prior release.  In so doing, Respondents have waived any challenge to Petitioner's due process claim that she was entitled to a pre-deprivation hearing before being redetained.  *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

The Petition will therefore be granted, and Petitioner will be ordered released from custody immediately.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before her redetention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 21st day of April, 2026.

_____
Honorable Krissa M. Lanham
United States District Judge

- 2 -